UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                  :
                                                  :
                                                  :         24-MC-332 (JPC) (OTW)
IN RE APPLICATION OF ALPINE PARTNERS (BVI):
L.P. FOR AN ORDER PURSUANT TO               :         **ORDER GRANTING *EX PARTE***
28 U.S.C. § 1782 TO CONDUCT DISCOVERY   :         **APPLICATION TO CONDUCT**
FOR USE IN A FOREIGN PROCEEDING        :         **DISCOVERY FOR USE IN FOREIGN**
                                                  :         **PROCEEDINGS PURSUANT TO**
                                                  :         **28 U.S.C. § 1782**
                                                  :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

On July 19, 2024, Petitioner Alpine Partners (BVI) L.P. ("Alpine") submitted an *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings (together with all supporting papers, the "Application"). (ECF Nos. 1-4). The Application seeks discovery from Respondent Sumitomo Mitsui Banking Corporation ("SMBC").

The Court has considered the Application and finds that the requirements of Section 1782 are met. First, Respondent resides or may be found in the Southern District of New York. Second, the discovery sought is for use in pending proceedings before the Supreme Court of Bermuda. Finally, as party to the proceedings pending in Bermuda, Alpine is an "interested person" within the meaning of Section 1782.

The Court further finds that the factors relevant to its exercise of discretion under Section 1782 weigh in favor of granting the Application. First, Respondent is not a party to the proceedings in Bermuda, and all reside or are found in the United States. Second, the

Supreme Court of Bermuda would be receptive to this Court's assistance. Third, the Application is a good faith effort to obtain relevant evidence, and not an attempt to circumvent foreign proof-gathering restrictions. Finally, the proposed subpoena submitted as Exhibit 1 to the Declaration of Duane L. Loft (ECF 2-1) (the "Subpoena") is not unduly intrusive or burdensome.

The Application is accordingly **GRANTED**. The Court hereby **GRANTS** Alpine leave to serve the Subpoena. Alpine is further authorized to issue and serve additional follow up subpoenas on the Respondent as may be necessary to obtain documentary and testimonial evidence for use in the pending proceedings. The Respondent is **ordered** to preserve all relevant and potentially relevant evidence in their possession, custody, or control until further order of this Court. The Respondent is further **ordered** to appear for a deposition in compliance with the Subpoena on a mutually agreeable date within a reasonable time after Respondent confirms the final production of documents in response to the Subpoena. Nothing in this Order shall be construed to prevent or otherwise foreclose Alpine from seeking leave of Court to serve any additional subpoena on a person or entity.

If Respondent seeks to file a motion to quash, it must do so by **August 23, 2024**. SMBC may file an opposition the motion within 14 days, i.e. **by September 6, 2024**. A reply, if any, is due **by September 13, 2024**.

**SO ORDERED.**

Dated: August 9, 2024  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge